ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TIRZOM CALDERON-MEIJA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 308-045 |
| | ) |
| WALT WELLS, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner was an inmate at McRae Correctional Facility in McRae, Georgia, when he commenced the above-captioned case pursuant to 28 U.S.C. § 2241. Petitioner requested in his application for habeas corpus relief that he be awarded 67 days of jail credit time for the time he served in a county jail prior to his sentencing on federal charges. (See doc. no. 1). Respondents answered Petitioner's application, arguing that it should be denied on the merits or, alternatively, for failure to exhaust administrative remedies. (See doc. no. 10). Petitioner did not file a reply to Respondents' answer but has since been released from incarceration.[1]  Because Petitioner has been released from the custody of the Bureau of Prisons, the instant petition is moot. A petitioner's release subsequent to filing a habeas

---

[1] Exhibits filed with Respondents' answer indicate that Petitioner's projected release date was January 28, 2009. (Doc. no. 10, Exs. 1, 3). The Federal Bureau of Prisons website confirms that Petitioner was in fact released on that date. See Fed. Bureau of Prisons, "Inmate Locator," http://www.bop.gov/iloc2/LocateInmate.jsp (search "Search by ID Number" for "15042-171").

action renders the petition moot because the petition no longer presents a case or controversy, as required under Article III, § 2, of the Constitution, unless there is a showing of "collateral consequences." See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (requiring showing of collateral consequences of parole revocation to maintain suit for wrongful termination of parole status after "reincarceration that [the petitioner] incurred as a result of that action" was "over and [could not] be undone"). In cases challenging the actual underlying conviction, collateral consequences are presumed for the obvious reason that it is a "fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." Id. at 12. The same cannot be said of actions which do not challenge the conviction, such as challenges directed at parole revocation or, as in the instant case, the execution of the sentence imposed. Id. Thus, to continue with a habeas action after release, a petitioner must show the existence of a collateral consequence that amounts to a continuing injury-in-fact. Id. at 14.

As Petitioner presents no injury which exists subsequent to his release or which can be remedied in a § 2241 proceeding, the Court **REPORTS** and **RECOMMENDS** that this petition for habeas relief be **DISMISSED** as **MOOT**.

SO REPORTED and RECOMMENDED this 10th day of February, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

2